```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 4: 09 CR 813 RWS/DDN
                               )
THERON CARNES, et al.,         )
                               )
          Defendants.          )
```

**SUPPLEMENTAL MEMORANDUM AND ORDER**
**SPEEDY TRIAL ACT FINDINGS FOR**
<u>**CONTINUANCES FOR FILING PRETRIAL MOTIONS**</u>

This action is before the court upon the request of the government for clarification of the bases of the court's order granting continuances of pretrial proceedings so defendant can undergo a mental evaluation (Doc. 76). A hearing was held on May 5, 2010.

Defendant Theron Carnes is charged by indictment with conspiracy with others to possess pseudoephedrine with the intent to make methamphetamine and with one count of the possession of pseudoephedrine with the same intent. On February 23, March 19, March 24, and April 16, 2010, the undersigned granted defendant Carnes's motions for continuance of pretrial proceedings so that he can undergo a mental evaluation at his expense to determine his competency to be tried and his state of mind at the time of the alleged offenses.

On April 16, 2010, the government, while not objecting to the continuance, requested clarification of the court's grounds for issuing the April 16, 2010 order granting a continuance. The government's concern is that the time necessary to schedule the mental evaluation will exceed the time for trial prescribed by the Speedy Trial Act.

In his motion for leave to undergo the mental evaluation, defendant showed good cause to believe that he may have been insane at the time of the offense and may now be incompetent to be tried. He has arranged at his expense to be evaluated by Dr. Carr at Barnes hospital. However, this evaluation cannot be done until July 1, 2010.

Under the Speedy Trial Act the time for calculating the date on which the defendant's trial shall commence shall exclude any delay resulting from any mental examinations of the defendant. 18 U.S.C. § 3161(h)(1)(A). Further, defendant Carnes's oral motion to suppress has been pending since his arraignment on February 12, 2010 (Doc. 48). The period of the pendency of this motion is excluded from the Speedy Trial Act computation. 18 U.S.C. § 3161(h)(1)(D).

The balance of the time necessary for the mental evaluation is also tolled under the Speedy Trial Act. Because the charges against defendant Carnes are substantial and involve the grave public danger of drug addiction and drug abuse in the community, the ends of justice served by granting the extensions of time for the completion of a proper evaluation and determination of defendant's mental condition, both at the time of the offense and at this time, outweigh the best interests of the public and of the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). And not granting the extensions of time for the proper completion of the mental examinations of defendant would result in a miscarriage of justice and would unreasonably deny the defense and the government the necessary information and the necessary period of time for effective preparation for further proceedings, taking into consideration the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Therefore,

**IT IS HEREBY ORDERED** that the request of the government for clarification of the bases for the court's order granting the continuances (Doc. 76) is sustained.  Said clarification is found in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the amount of time discussed above for the mental evaluation of the defendant, the rendering of the report of the mental evaluation, and the setting of subsequent proceedings in this action is excluded from the calculation of the date on which defendant's trial must commence under the Speedy Trial Act.


       /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on May 5, 2010.